UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

LUIS ERNESTO M.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,[1]

    Defendant.

1:21-cv-18401-NLH

**OPINION**

---

**APPEARANCES:**

JAMIE RYAN HALL
LAW OFFICE OF JAMIE R. HALL
110 EAST STATE STREET
SUITE 12
KENNETT SQUARE, PA 19348

    *On behalf of Plaintiff*

PAUL B WAXLER
SOCIAL SECURITY ADMINISTRATION
OGC
6401 SECURITY BOULEVARD
BALTIMORE, MD 21235

    *On behalf of Defendant*

**HILLMAN**, District Judge

    This matter comes before the Court pursuant to § 1614(a)(3)(A) of the Social Security Act, as amended 42 U.S.C. §

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration.

1382c(a)(3(A), regarding Plaintiff's application for supplemental security income ("SSI")[2] under Title XVI of the Social Security Act. 42 U.S.C. § 1381, et seq.  The issue before the Court is whether the Administrative Law Judge ("ALJ") erred in finding that there was "substantial evidence" that Plaintiff was not disabled at any time since his alleged onset date of disability, February 4, 2019.  For the reasons stated below, this Court will affirm that decision.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

On February 4, 2019, Plaintiff filed an application for SSI, alleging that he became disabled on February 15, 2016.[3] Plaintiff claims that he can no longer work as a phone operator for a telecommunication company, painter helper for a metal finishing company, or a hotel laborer because of his impairments of type 2 diabetes mellitus, diabetic neuropathy in the legs and hips, diabetic retinopathy, arthritis of the knees, hands, wrists, and back, tendonitis of the hands and feet, hypertension, and back problems.[4]

---

[2] Supplemental Security Income is a program under the Social Security Act that provides supplemental security income to individuals who have attained age 65, or are blind or disabled. 42 U.S.C. § 1381 et seq.

[3] At Plaintiff's hearing before the ALJ, he amended his alleged onset date to February 4, 2019.  (R. at 39-40).

[4] On the alleged onset date of February 4, 2019, Plaintiff was 52 years old, which is defined as "person closely approaching

2

Plaintiff's claim was denied initially and upon reconsideration.  Plaintiff requested a hearing before an ALJ, which was held on December 10, 2020.  On December 17, 2020 the ALJ issued an unfavorable decision.  Plaintiff's Request for Review of Hearing Decision was denied by the Appeals Council on August 5, 2021, making the ALJ's decision final.  Plaintiff brings this civil action for review of the Commissioner's decision.

**II.   DISCUSSION**

    **A.   Standard of Review**

Under 42 U.S.C. § 405(g), Congress provided for judicial review of the Commissioner's decision to deny a complainant's application for social security benefits.[5]  Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995).  A reviewing court must uphold

---

advanced age" (age 50-54).  20 C.F.R. § 404.1563.

[5] The standard for determining whether a claimant is disabled is the same for both Disability Insurance Benefits ("DIB") and SSI. See Rutherford v. Barnhart, 399 F.3d 546, 551 n.1 (3d Cir. 2005) (citation omitted). DIB regulations are found at 20 C.F.R. §§ 404.1500-404.1599, and the parallel SSI regulations are found at 20 C.F.R. §§ 416.900-416.999, which correspond to the last two digits of the DIB cites (e.g., 20 C.F.R. § 404.1545 corresponds with 20 C.F.R. § 416.945). The Court will provide citations only to the DIB regulations. See Carmon v. Barnhart, 81 F. App'x 410, 411 n.1 (3d Cir. 2003) (explaining that because "[t]he law and regulations governing the determination of disability are the same for both disability insurance benefits and [supplemental security income]," "[w]e provide citations only to the regulations respecting disability insurance benefits").

the Commissioner's factual decisions where they are supported by "substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992). Substantial evidence means more than "a mere scintilla." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. The inquiry is not whether the reviewing court would have made the same determination, but whether the Commissioner's conclusion was reasonable. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

A reviewing court has a duty to review the evidence in its totality. See Daring v. Heckler, 727 F.2d 64, 70 (3d Cir. 1984). "[A] court must 'take into account whatever in the record fairly detracts from its weight.'" Schonewolf v. Callahan, 972 F. Supp. 277, 284 (D.N.J. 1997) (quoting Willbanks v. Secretary of Health & Human Servs., 847 F.2d 301, 303 (6th Cir. 1988) (quoting Universal Camera Corp. V. NLRB, 340 U.S. 474, 488 (1951)).

The Commissioner "must adequately explain in the record his reasons for rejecting or discrediting competent evidence." Ogden v. Bowen, 677 F. Supp. 273, 278 (M.D. Pa. 1987) (citing

4

Brewster v. Heckler, 786 F.2d 581 (3d Cir. 1986)). The Third Circuit has held that an "ALJ must review all pertinent medical evidence and explain his conciliations and rejections." Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 122 (3d Cir. 2000). Similarly, an ALJ must also consider and weigh all the non-medical evidence before him. Id. (citing Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983)); Cotter v. Harris, 642 F.2d 700, 707 (3d Cir. 1981).

The Third Circuit has held that access to the Commissioner's reasoning is indeed essential to a meaningful court review:

> Unless the [Commissioner] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978). Although an ALJ, as the factfinder, must consider and evaluate the medical evidence presented, Fargnoli, 247 F.3d at 42, "[t]here is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record," Hur v. Barnhart, 94 F. App'x 130, 133 (3d Cir. 2004). In terms of judicial review, a district court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder."

5

Williams, 970 F.2d at 1182.  However, apart from the substantial evidence inquiry, a reviewing court is entitled to satisfy itself that the Commissioner arrived at his decision by application of the proper legal standards.  Sykes, 228 F.3d at 262; Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983); Curtin v. Harris, 508 F. Supp. 791, 793 (D.N.J. 1981).

    B.    **Standard for SSI**

The Social Security Act defines "disability" for purposes of an entitlement to a period of disability and disability insurance benefits as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months.  See 42 U.S.C. § 1382c(a)(3)(A).  Under this definition, a plaintiff qualifies as disabled only if her physical or mental impairments are of such severity that she is not only unable to perform her past relevant work, but cannot, given her age, education, and work experience, engage in any other type of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which she lives, or whether a specific job vacancy exists for her, or whether she would be hired if she applied for work.  42 U.S.C. § 1382c(a)(3)(B) (emphasis added).

The Commissioner has promulgated regulations[6] for determining disability that require application of a five-step sequential analysis.  See 20 C.F.R. § 404.1520.  This five-step process is summarized as follows:

1. If the claimant currently is engaged in substantial gainful employment, she will be found "not disabled."

2. If the claimant does not suffer from a "severe impairment," she will be found "not disabled."

3. If the severe impairment meets or equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and has lasted or is expected to last for a continuous period of at least twelve months, the claimant will be found "disabled."

4. If the claimant can still perform work she has done in the past ("past relevant work") despite the severe impairment, she will be found "not disabled."

5. Finally, the Commissioner will consider the claimant's ability to perform work ("residual functional capacity"), age, education, and past work experience to determine whether or not she is capable of performing other work which exists in the national economy.  If she is incapable, she will be found "disabled."  If she is capable, she will be found "not disabled."

20 C.F.R. § 404.1520(b)-(f).  Entitlement to benefits is therefore dependent upon a finding that the claimant is incapable of performing work in the national economy.

---

[6] The regulations were amended for various provisions effective March 27, 2017.  See 82 F.R. 5844.  The parties do not indicate that any of the amendments are applicable to the issues presented by Plaintiff's appeal.  In any event, in this case Plaintiff's alleged onset date for disability is February 4, 2019.

7

This five-step process involves a shifting burden of proof. See Wallace v. Secretary of Health & Human Servs., 722 F.2d 1150, 1153 (3d Cir. 1983). In the first four steps of the analysis, the burden is on the claimant to prove every element of her claim by a preponderance of the evidence. See id. In the final step, the Commissioner bears the burden of proving that work is available for the Plaintiff: "Once a claimant has proved that he is unable to perform his former job, the burden shifts to the Commissioner to prove that there is some other kind of substantial gainful employment he is able to perform." Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987); see Olsen v. Schweiker, 703 F.2d 751, 753 (3d Cir. 1983).

**C.  Analysis**

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability on February 4, 2019. At step two, the ALJ found that Plaintiff's impairments of degenerative disc disease and diabetes mellitus were severe. The ALJ also found Plaintiff's impairments of anxiety disorder, depressive disorder, hypertension, and asthma were non severe.[7] At step three, the

---

[7] The ALJ did not mention the other impairments that Plaintiff claimed in his application, such as neuropathy. It appears that the ALJ did not find them to be medically determinable, although that is not stated explicitly. (R. at 18). In any case, Plaintiff does not argue that it is error.

8

ALJ determined that Plaintiff's severe impairments or his severe impairments in combination with his other impairments did not equal the severity of one of the listed impairments.

The ALJ next determined that Plaintiff had the residual functional capacity[8] ("RFC") to perform work at the medium level,[9] with occasional stooping and crouching.  At steps four and five, the ALJ determined that Plaintiff had no past relevant work based on the duration that he held his past jobs, but Plaintiff's RFC rendered him capable of performing other jobs in the national economy, such as a hand packager, laundry worker, and dining room attendant.  The ALJ therefore concluded that Plaintiff was not disabled.

Plaintiff argues that the ALJ erred in her decision because she did not credit the medical opinions of APN Stringer from 2019 and Dr. Pedowitz from 2006.  Plaintiff states that the ALJ erred in rejecting APN Stringer's opinion on the basis that it was presented in the form of checked off boxes because the ALJ should not reject a medical opinion based on the form in which it was presented.  (ECF 11 at 8).

Plaintiff mischaracterizes the ALJ's opinion.  The ALJ

---

[8] The RFC reflects "what [the claimant] can still do despite [his or her] limitations."  20 C.F.R. §§ 404.1545(a), 416.945(a).
[9] 20 C.F.R. § 404.1567 ("Physical exertion requirements. To determine the physical exertion requirements of work in the national economy, we classify jobs as sedentary, light, medium, heavy, and very heavy.").

9

rejected APN Stringer's opinion because he proposed extreme limitations without an adequate supporting explanation. (R. at 27). This is consistent with the Court's own review of APN Stringer's medical opinion. For instance, he checked off that Plaintiff could never climb ladders and scaffolds, but in the section where he was asked to identify and explain the "particular medical or clinical findings" that led to these limitations, he only wrote "neuropathy and sciatica limit these actions." (R. at 600). In addition, the ALJ explained that APN Stringer's opinion was not consistent with other evidence in the record, such as the fact that Plaintiff volunteers at his church 6 hours per day, had a 10-month gap in treatment in 2019 and 2020, and was assessed to have lesser limitations by other medical providers. (Id. at 27).

It is completely acceptable for an ALJ to reject a contrasting medical opinion as long as he "explain[s] his conciliations and rejections." Burnett, 220 F.3d at 122. The ALJ did so here by explaining that APN Stringer's medical opinion about the objective condition of Plaintiff was not consistent with the record and explained why. (R. at 27). The ALJ made this statement after a lengthy analysis of how the objective medical evidence stacked up. (Id.) The ALJ carefully weighed all of the evidence in the record and explained where and why she found APN Stringer's opinion to be unpersuasive, and

the Court will not require more.  Fargnoli, 247 F.3d at 42.

Plaintiff also argues that the ALJ's discounting of Dr. Pedowitz's opinion was error because the ALJ did not explain how a different doctor's conclusion that Plaintiff could walk at a reasonable pace meant that Plaintiff did not have limitations in carrying things as Dr. Pedowitz opined.  (ECF 11 at 10-11).  He argues that the ALJ has a duty to build a logical bridge between the evidence in the record and the conclusions that he draws.  (Id.)

While Plaintiff is correct in general that the ALJ's conclusions should be supported by record evidence, he mischaracterizes the ALJ's treatment of Dr. Pedowitz's medical opinion.  Plaintiff glosses over the fact that Dr. Pedowitz's medical opinion is from 2006, long before the relevant period.  (R. at 244).  The ALJ so noted and properly discounted the opinion for being remote in time from the relevant period.  (R. at 28); Ochs v. Comm'r of Soc. Sec., 187 F. App'x 186, 190 (3d Cir. 2006) ("The ALJ also properly limited the reports of Dr. Heller, Ochs's treating orthopedist, because they fell outside the relevant period[.]").

Notwithstanding the temporal remoteness of Dr. Pedowitz's opinion, the ALJ continued on to explain why the opinion otherwise was not persuasive: it did not cite to objective medical findings and was inconsistent with the other evidence in

11

the record.  (R. at 28).  Indeed, the medical opinion in question was a sparsely populated form with little explanation of the conclusions reached.  (R. at 240-44).  Here, the ALJ engaged in a lengthy discussion of the medical and nonmedical evidence "and explain[ed] h[er] conciliations and rejections." Burnett, 220 F.3d at 122.  The Court is not empowered to second guess the ALJ's conclusions when he or she has otherwise conducted a reasoned analysis.[10]  Williams, 970 F.2d at 1182 (noting that the district court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder").

### III. Conclusion

For the reasons expressed above, the decision of the ALJ was supported by substantial evidence and must be affirmed.

An accompanying Order will be issued.

Date: October 21, 2022                      s/ Noel L. Hillman
At Camden, New Jersey                       NOEL L. HILLMAN, U.S.D.J.

---

[10] Plaintiff also appears to argue that if he were to have been found to be limited to sedentary work, at his age, the regulations would require a finding that he was disabled.  (ECF 11 at 11 (citing 20 C.F.R. Part 404, Subpart P, App'x 2, § 201.12)).  The problem with this argument is that the ALJ found that Plaintiff was limited to work at the medium level and none of Plaintiff's arguments justify a finding of error based on that conclusion.